UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUSTAVO BARRERA ACOSTA,

Petitioner,

v. Case No.: 2:26-cv-01737-SPC-KRH

WARDEN, FLORIDA SOFT SIDE DETENTION FACILITY *et al*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Gustavo Barrera Acosta's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6) and supplemental response (Doc. 13).

Barrera Acosta is a native of Cuba who entered the United States on May 4, 1980. An immigration judge ordered Barrera Acosta excluded from the country on May 6, 1996. Immigration and Customs Enforcement ("ICE") detained him in 1997, 2006, and 2020 but was unable to remove him. Most recently, ICE released Barrera Acosta on June 11, 2020, after determining there was no significant likelihood of removal in the reasonably foreseeable future.

On February 13, 2026, ICE arrested Barrera Acosta and detained him at Alligator Alcatraz. Barrera Acosta argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Barrera Acosta carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 1996, 2006, and 2020, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Barrera Acosta will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Barrera Acosta's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Gustavo Barrera Acosta's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Barrera Acosta poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts. If ICE determines dangerousness justifies continued detention, the supplemental response must explain why.
3. Barrera Acosta may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on September 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record